**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

```
-------------------------------------------------
CHARLES BOYD,                                           23 CV 2330

                    Plaintiff,
     -against-                                          COMPLAINT

LAYER CAKE CREATIVE SERVICES LLC,
MICHAEL CLARK AND SHANE CLARK,

                    Defendants.
-------------------------------------------------
```

Plaintiff Charles Boyd, as and for his Complaint against Defendants Layer Cake Creative Services LLC, Michael Clark, and Shane Clark, alleges as follows:

## INTRODUCTION

1.      This case involves financial institution fraud; wire fraud; and, fraud and related activity in connection with access devices.

2.      Plaintiff Charles Boyd and Defendants Michael and Shane Clark are each one-third owners of Grind Coffee LLC pursuant to a partnership agreement with an effective date of April 1, 2015.[1]

3.      Grind Coffee maintains two primary retail business locations in Jersey City: Grind Coffee (a café) and Grind General Store (a boutique grocery).

---

[1] The partnership dispute is presently pending before the Superior Court of New Jersey, Law Division – Hudson County. Boyd v. Clark, et al., Hud-L-742-20. Plaintiff respectfully submits this Court possesses concurrent jurisdiction over Plaintiff's Civil RICO claims. Macy's East v. Emergency Envtl. Servs., 925 F. Supp. 191, 193 (SDNY 1996) (stating: "[w]hile the Supreme Court has held that state courts have concurrent jurisdiction over civil Rico claims  . . . it cannot be gainsaid that federal courts are far more familiar than state courts with the arcane eccentricities of RICO jurisprudence and are empowered to interpret it with greater freedom than state courts. Nor can it be doubted that Congress intended that federal courts would take the primary role in construing the statute, for their jurisdiction is expressly declared in the statute.")

4.    The Clark Defendants are also the sole owners of Layer Cake Creative Services LLC (Layer Cake), a New Jersey limited liability company that specializes in branding and marketing with no connection to Grind Coffee.

5.    Defendant Layer Cake, under the exclusive operation of Defendants Michael and Shane Clark, fraudulently obtained cash, credit and luxury items from multiple financial institutions in New York, Utah and California and then fraudulently siphoned Grind Coffee income to pay Defendants' debts to those financial institutions.

6.    Defendant Layer Cake, under the operation of Defendants Michael and Shane Clark, fraudulently funneled large sums of cash through Grind Coffee's point of sale devices and bank account to pay their New York business associates.

7.    Layer Cake has pocketed substantial profits and earnings at Plaintiff Charles Boyd's expense and to his detriment as a one-third owner of Grind Coffee, including, but not limited to, the consistent depletion of Grind Coffee income to fraudulently obtain financing and luxury items and to fraudulently service Defendants' debts.

8.    Charles Boyd now seeks to recover his damages resulting from Defendants' violation of the Racketeer Influenced and Corrupt Organizations Act ("RICO").

## JURISDICTION AND VENUE

9.    This Court has jurisdiction over this matter pursuant to 28 U.S.C. §1331 in that Plaintiff seeks to enforce rights and remedies under Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. §1961, *et seq.* (Civil RICO).

10.    The Court also possesses diversity jurisdiction pursuant to 28 U.S.C. §1332 in that the action arises between a citizen of one of the United States and a citizen of another of the United States, as more particularly appears below, with an amount in controversy (exclusive of interest and costs) in excess of $75,000.

11.     Venue in this Court is proper pursuant to 18 U.S.C. §1965 because the Defendants transact their affairs in this District. Venue is also proper in this Court pursuant to 28 USC §1391(b) because a substantial part of the events giving rise to the claim occurred in this District.

## PARTIES

12.     Plaintiff Charles Boyd is an adult individual and resident of Brooklyn, New York. At all times relevant hereto, Charles Boyd was and still is a one-third owner of Grind Coffee.

13.     Defendant Layer Cake is a New Jersey company with a mailing address at 12 Manning Avenue, apartment 2, Jersey City, New Jersey, 07304. Defendant Layer Cake regularly conducts business in this District.

14.     Defendant Michael Clark is an adult individual and resident of Jersey City, New Jersey with an address at 12 Manning Avenue, apartment 2, Jersey City, New Jersey, 07304. At all times relevant hereto, Michael Clark was and still is: President of Layer Cake; a 50 percent owner of Defendant Layer Cake; a one-third owner of Grind Coffee; and one of two Grind Coffee partners authorized to sign checks on behalf of Grind Coffee. Defendant Michael Clark regularly conducts business in this District.

15.     At all times material hereto, Defendant Shane Clark is an adult individual and resident of Jersey City, New Jersey with an address at 12 Manning Avenue, apartment 2, Jersey City, New Jersey, 07304. At all times relevant hereto, Shane Clark was and still is: a 50-percent owner of Defendant Layer Cake; a one-third owner of Grind Coffee; and one of two Grind Coffee partners authorized to sign checks on behalf of Grind Coffee. Defendant Shane Clark regularly conducts business in this District.

**FACTUAL ALLEGATIONS COMMON TO ALL RICO ACCOUNTS**

16.    The following necessary elements are common to all RICO allegations set forth herein:

17.    **CULPABLE PERSON**. Defendants Layer Cake, Michael Clark, and Shane Clark are each a "culpable person" for the purposes of this matter because each of them is an "individual or entity capable of holding a legal or beneficial interest in property."

18.    **ENTERPRISE.** Defendant Layer Cake constitutes an enterprise operated by and/or invested in by Defendants Michael Clark and Shane Clark, the sole owners of Layer Cake, for the purposes of this matter.

19.    **INTERSTATE COMMERCE**. Defendant Layer Cake is active in interstate commerce. Its predicate acts of racketeering also affect interstate commerce. Defendant Layer Cake and Defendants Michael and Shane Clark are engaged in the following pattern of racketeering activity that affects interstate commerce, namely with respect to financing, banking and access devices.

    i.    On January 1, 2021, Defendant Layer Cake entered a "Financing and Security Agreement" with Celtic Bank Corp., a commercial lender with a business address in Salt Lake City, Utah, under false and fraudulent pretenses, whereby Layer Cake obtained credit from Celtic Bank in exchange for automatic debits of Grind Coffee income.

    ii.    On February 9, 2021, Defendant Layer Cake entered a "Revenue Purchase Agreement" with Gold Funding Group, a provider of "alternative financing solutions" with a business address in this district,

under false and fraudulent pretenses, whereby Layer Cake sold $58,400 of Grind Coffee's future revenue to Gold Funding Group in exchange for $40,000 that Gold Funding Group directly deposited into Layer Cake's bank account.

iii. On July 30, 2021, Defendant Layer Cake entered a contract with DivvyPay Inc., a credit provider with an address in Draper, Utah, under false and fraudulent pretenses, whereby Layer Cake obtained credit from DivvyPay in exchange for automatic debits of Grind Coffee income.

iv. Upon information and belief, in July 2021, Defendant Layer Cake and/or Defendant Michael Clark entered a contract with Affirm, a fintech company located in San Francisco, California, whereby Michael Clark obtained financing to purchase a $12,995 watch at 25.22 percent interest (total bill $18,654.98) from Luxury of Watches, a retailer, in exchange for automatic debits of Grind Coffee income.

v. On January 25, 2022, Defendants Layer Cake, Michael Clark and/or Shane Clark accessed Grind Coffee's point-of-sale merchant device to accept a single deposit of $27,226.13 in Grind Coffee's business checking account; the following day, Defendants Layer Cake, Michael Clark and/or Shane Clark accessed Grind Coffee's business checking account to wire $25,822.40 (for "services") to SRGG LLC, also known as 7017 Reign, a New York LLC with a retail address at 807 Washington Street, New York, New York, 10014, which Defendants

have identified as their "side-hustle" with no connection to Grind Coffee.

    vi.  On May 4, 2022, Defendants Layer Cake, Michael Clark and/or Shane Clark accessed Grind Coffee's retail point-of-sale merchant device to accept a single deposit of $56,955.00 in Grind Coffee's business checking account; on May 9, 2022, Defendants Layer Cake, Michael Clark and/or Shane Clark accessed Grind Coffee's business checking account to wire $53,000.00 (for "goods") to SRGG LLC, also known as 7017 Reign, the latter a New York LLC with a retail address at 807 Washington Street, New York, New York, 10014, which Defendants have identified as their "side-hustle" with no connection to Grind Coffee.

20.    Each of these is related as they have similar purposes (to acquire funds for Defendants to the detriment of Plaintiff and his one-third interest in Grind Coffee), results (funds actually deposited in Defendants' bank account to the detriment of Plaintiff and his one-third interest in Grind Coffee), participants (the Defendants), methods of commission (by submitting false and/or fraudulent applications for financing to third-parties which financing and/or funds are deposited in Layer Cake's bank account in exchange for Grind Coffee funds to the detriment of Plaintiff's one-third interest in Grind Coffee), and exhibit a pattern of dominion and control over Grind Coffee, and a pattern of fraud and deceitfulness in submitting applications to third-party financial institutions all to Plaintiff's detriment and for Defendants' own benefit.

21.    Such acts have extended over a substantial period of time (2.5 years) and constitute an open-ended scheme due to their threat of continuity based on their duration (2.5 years) and Defendants' repeated willingness to engage in such conduct over that time frame (no less than eight instances), thus establishing a threat of continuing criminal conduct.

22.    **RACKETEERING ACTIVITIES**. Defendants Layer Cake, Michael Clark and Shane Clark have engaged in the following racketeering activities:

**I. Financial Institution Fraud**

Defendants have repeatedly executed a scheme and/or made misrepresentations to financial institutions with the intent to deceive those financial institutions in order to obtain cash and credit, and in doing so Defendants knew that the applications they submitted to those financial institutions were fraudulent.

**Gold Funding Group**

a.  Gold Funding Group is a financial institution in New York.

b.  Pursuant to a February 9, 2021 Revenue Purchasing Agreement with Gold Funding Group, Defendants misrepresented that Defendant Layer Cake is doing business as "The Grind Shop / The Grind Shop Coffee."

c.  Layer Cake is not "doing business as" The Grind Shop. Grind Coffee and Layer Cake are two distinct and separate businesses: the former is a café and retail food boutique, the latter is the Clark Defendants' design/branding/marketing company.

d.  Upon information and belief, Defendants misrepresented that Layer Cake is "doing business as" Grind Coffee in order to leverage Grind Coffee's regular and consistent cash flow to obtain financing from Gold Funding Group.

e.  Indeed, future Grind Coffee receipts (in the amount of $58,000) are and were the asset that Defendants sold to Gold Funding Group at 15 percent interest in order for Layer Cake to obtain $40,000 directly deposited into Layer Cake's bank account.

f.  In other words, Defendants obtained $40,000 from Gold Funding in exchange for $58,000 of Grind Coffee income.

g.  Defendants thus knowingly executed a scheme or artifice to obtain funds owned by, or under the custody or control of Gold Funding Group, by false and fraudulent pretenses, representations, and/or promises, which funds would not have been available to Layer Cake but for Defendants' material and purposeful misrepresentations to Gold Funding Group, and which debt would not have been repaid to Gold Funding, and is being repaid to Gold Funding, from Grind Coffee funds to the detriment of Plaintiff, but for said scheme.

### Divvy Pay Inc.

h.  Divvy Pay Inc. and/or Cross River Bank is a financial institution in Utah.

i.  Pursuant to a July 30, 2021 application to Divvy Pay, Defendant Michael Clark, as President of Layer Cake, applied for a line of credit.

j.  That application required Defendants Michael Clark and/or Layer Cake to submit a certification as per 31 CFR §1010.230 regarding Defendant Layer Cake's beneficial owners.

k.  Defendants purposefully misrepresented that Defendant Michael Clark is the sole beneficial owner of Defendant Layer Cake.

l.  Defendant Shane Clark is also the owner of Defendant Layer Cake, and as per tax filings and testimony, both Defendants Michael and Shane Clark are 50 percent owners of Defendant Layer Cake.

m.  Defendants thus knowingly executed a scheme or artifice to obtain funds owned by, or under the custody or control of Divvy Pay and/or Cross River Bank, by false and fraudulent pretenses, representations, and/or promises, which debt was and is being repaid with interest via the automatic withdrawal of Grind Coffee funds, and which debt would not have been repaid and/or is being repaid to Divvy Pay from Grind Coffee funds to the detriment of Plaintiff, but for said scheme.

**Celtic Bank Corp.**

n.  Celtic Bank Corp. is a financial institution in Utah.

o.  Pursuant to a January 7, 2021 Financing and Security Agreement, Defendants Layer Cake and Michael Clark entered a contract pursuant to which Celtic Bank provided credit to Layer Cake in exchange for automatic debits of Grind Coffee funds.

p.  In entering that contract, Defendants made repeated and material misrepresentations to Celtic Bank.

q.  Defendants covenanted that Defendants paid all payroll and other taxes, despite, upon information and belief, being in arrears regarding New Jersey tax payments.

r.  Defendants covenanted that advances from Celtic would not be used for personal, family, or household purposes, which is impossible due to the thorough and extensive commingling of Defendants' bank accounts.

s.  Defendants thus knowingly executed a scheme or artifice to obtain funds owned by, or under the custody or control of Celtic Bank, by false and fraudulent pretenses, representations, and/or promises, which debt in turn was and is to be repaid with interest via the automatic withdrawal of Grind Coffee funds, and which debt would not have been repaid, and is being repaid, to Celtic Bank from Grind Coffee funds to the detriment of Plaintiff, but for said scheme.

**Affirm**

t.  Affirm is a financial institution in California.

u.  Upon information and belief, Defendants have knowingly executed a scheme to acquire a $12,995 watch at 25.22 percent interest (total bill $18,654.98) from Luxury of Watches, a retailer, via financing provided by Affirm, by false and fraudulent pretenses, representations, and/or promises, which debt in turn was and is to be repaid with interest via the automatic withdrawal of Grind Coffee funds, and which debt would not have been repaid to Affirm, and is being repaid to Affirm, from Grind Coffee funds to the detriment of Plaintiff, but for said scheme.

## II. Wire Fraud

Defendants have devised a plan or scheme to defraud Plaintiff Charles Boyd by, inter alia, entering multiple contracts with financial institutions for funds and/or credit,

and then siphoning funds from Grind Coffee to pay Defendants' debts to those financial institutions, which plan or scheme was executed through email communications, i.e., wires.

    a. On January 7, 2021, Defendants entered an electronically-signed contract with Celtic Bank which omitted facts that Defendants had a duty to disclose to Celtic Bank, as the result of which Defendants obtained funds from Celtic Bank, which funds were repaid with interest from funds that belonged to Plaintiff, thereby depriving him of his interest in same.

    b. On February 9, 2021, Defendants entered an electronically-signed contract with Gold Funding Group that purposefully misrepresented that Grind Coffee was doing business as Layer Cake, as the result of which Defendants sold $58,400 of Grind Coffee's funds in exchange for $40,000 from Gold Funding Group, thereby depriving Plaintiff Charles Boyd of his interest in $58,400 of Grind Coffee funds.

    c. On July 30, 2021, Defendants entered an electronically-signed contract with Divvy Pay, Inc. that purposefully misrepresented Defendant Michael Clark as the sole owner of Layer Cake, as the result of which Defendant Michael Clark obtained funds from Divvy Pay, which funds are being and/or were repaid with interest from funds that belonged to Plaintiff, thereby depriving him of his interest in same.

    d. The existence of that plan and/or scheme is evidenced by the multiple instances in which Defendants entered contracts with financial institutions for

cash and/or credit and then used Grind Coffee funds to pay Defendants'
debts to those institutions.

e. Defendants entered those contracts with financial institutions with the intent to
defraud Plaintiff Charles Boyd, as evidenced by the repeated and consistent
siphoning of Grind Coffee assets to pay Defendants' debts to those financial
institutions pursuant to contracts entered with same.

f. Those contracts themselves were entered electronically and, upon
information and belief, were entered via a series of email and internet-based
communications between the Defendants and the financial institutions; as
such, there was a reasonable foreseeability at the time Defendants entered
the contracts with the financial institutions that wires would be used.

g. Further, wires were in fact used in entering the contracts, as evidenced by
electronic signatures and electronic timestamping on the contracts
themselves, as the result of which Defendants fraudulently obtained financing
to the detriment of Plaintiff.

h. Defendants have thus devised and executed a plan or scheme to defraud
Plaintiff Charles Boyd by a plan or scheme executed through email and/or
internet communications, i.e., wires.

**III. Fraud and Related Activity in Connection with Access Devices.**

Defendants have knowingly and with intent to defraud Grind Coffee, and by
extension Plaintiff Charles Boyd, used one or more unauthorized access devices during
a one-year period to obtain cash in excess of $1000, and/or knowingly and with intent to

defraud Grind Coffee and Plaintiff Charles Boyd, effected transactions with one or more access devices issued to Grind Coffee to receive payment during a one-year period equal to or greater than $1000 at the expense of Grind Coffee and Plaintiff Charles Boyd.

    a. Grind Coffee's Bank of America bank account constitutes an access device under federal law.

    b. Grind Coffee's retail point of sale device constitutes an access device under federal law.

    c. On January 25, 2022, Defendants knowingly and with intent to defraud Grind Coffee accessed Grind Coffee's point of sale device to accept $27,226.13 that upon information and belief is unconnected to Grind Coffee, which sum was then funneled into Grind Coffee's business bank account and subsequently transferred to SRGG/Reign, Defendants' "side-hustle"[2] New York associates, via federal wire transfer.

    d. On May 4, 2022, Defendants knowingly and with intent to defraud Grind Coffee, and, by extension, Plaintiff Charles Boyd, accessed Grind Coffee's point of sale device to accept $56,955.00 in payments that upon information and belief is unrelated to Grind Coffee, which sum was then funneled into Grind Coffee's business account and subsequently transferred to SRGG/Reign, Defendants' "side-hustle" New York associates via federal wire transfer.

---

[2] Defendant Michael and Shane Clark's attorney in the Hudson County litigation has repeatedly referred to Layer Cake-SRGG-Reign business as Defendants' "side-hustle."

e.   Upon information and belief, the payments to SRGG/Reign via Grind Coffee's access devices had no connection to the Grind Coffee business and were solely connected to Defendants' "side-hustle."

f.   Defendants knowingly and with intent to defraud accessed access devices that belonged to Grind Coffee to receive payment in one year of over $84,000, namely the payment of debts and/or funds Defendants' owed to SRGG/Reign.

g.   Those transfers affected a fraud upon Grind Coffee, namely the collection of large sums via its access devices to pay Defendants' business associates, to the detriment to Plaintiff.

23.   **INJURY**. Plaintiff is a person who has sustained injury to his business or property by reason of Defendants' violation of 18 U.S.C. §1962 estimated to be in excess of $500,000. Plaintiff's injuries stem from the predicate acts themselves, from the investment of racketeering income, from Defendants' control over the enterprise, and from overt acts committed in furtherance of the conspiracy.

## COUNT 1
## RICO § 1962(c)

24.   The allegations of paragraphs 1 through 23 are incorporated herein by reference.

25.   This Count is against Defendants Layer Cake, Michael Clark and Shane Clark (the "Count 1 Defendants").

26.    Layer Cake is an enterprise engaged in and whose activities affect interstate commerce. The Count 1 Defendants are associated with the enterprise and the owners of same.

27.    The Count 1 Defendants agreed to and did conduct and participate in the conduct of the enterprise's affairs through a pattern of racketeering activity and for the unlawful purpose of intentionally defrauding Plaintiff. Specifically:

     i.  On January 1, 2021, entering a "Financing and Security Agreement" with Celtic Bank Corp. under false and fraudulent pretenses, whereby Layer Cake obtained credit from Celtic Bank in exchange for automatic debits from Grind Coffee receipts.

     ii.  On February 9, 2021, entering a "Revenue Purchase Agreement" with Gold Funding Group under false and fraudulent pretenses, whereby Layer Cake sold $58,400 of Grind Coffee's future revenue to Gold Funding Group in exchange for $40,000 directly deposited into Layer Cake's Capital One account.

     iii.  On July 30, 2021, entering a contract with DivvyPay Inc., under false and fraudulent pretenses, whereby Layer Cake obtained credit from DivvyPay in exchange for automatic debits from Grind Coffee receipts.

     iv.  In July 2021, entering a contract with Affirm, whereby Layer Cake and/or Michael Clark obtained financing to purchase a $12,995 watch at 25.22 percent interest (total bill $18,654.98) from Luxury of Watches, a retailer, in exchange for automatic debits from Grind Coffee receipts.

v.   On January 25, 2022, accessing Grind Coffee's point-of-sale merchant device to accept a single deposit of $27,226.13 in Grind Coffee's Bank of America business checking account and then wiring $25,822.40 (for "services") to SRGG LLC, also known as 7017 Reign, pursuant to Defendants' "side-hustle" with no connection to Grind Coffee.

vi.   On May 4, 2022, accessing Grind Coffee's point-of-sale merchant device to accept a single deposit of $56,955.00 in Grind Coffee's Bank of America business checking account and then wiring $53,000.00 (for "goods") to SRGG LLC, also known as 7017 Reign, pursuant to Defendants' "side-hustle" with no connection to Grind Coffee.

28.   Pursuant to and in furtherance of their fraudulent scheme, Defendants committed multiple related acts of financial institution fraud; wire fraud; and, fraud and related activity in connection with access devices.

29.   The acts set forth above constitute a pattern of racketeering activity pursuant to 18 U.S.C. §1961(5).

30.   The Count 1 Defendants have directly and indirectly conducted and participated in the conduct of the enterprise's affairs through the pattern of racketeering activity described above, in violation of 18 U.S.C. §1962(c).

31.   As a direct and proximate result of the Count 1 Defendants' racketeering activities and violations of 18 U.S.C. §1962(c), Plaintiff has been injured in his business and property in excess of $500,000 in that Grind Coffee receipts are being used to pay the Defendants' debts, fund Defendants' lavish lifestyle, and funnel funds to Defendants'

business associates, all to the detriment of Plaintiff's business and property as a one-third owner of Grind Coffee.

32.     Wherefore, Plaintiff requests that this Court enter judgment against the Count 1 Defendants as follows pursuant to the civil remedy provisions of RICO, including, but not limited to, actual damages, treble damages, attorney's fees, equitable relief, and any further relief that the Court deems just and proper.

**COUNT 2**
**RICO § 1962(a)**

33.     The allegations of paragraphs 1 through 32 are incorporated herein by reference.

34.     This Count is against Defendants Layer Cake, Michael Clark and Shane Clark (the "Count 2 Defendants").

35.     Layer Cake is an enterprise engaged in and whose activities affect interstate commerce.

36.     The Count 2 Defendant(s) used and invested income that was derived from a pattern of racketeering activity in an interstate enterprise. Specifically:

    i.   On January 1, 2021, entering a "Financing and Security Agreement" with Celtic Bank Corp. in Utah under false and fraudulent pretenses, whereby Layer Cake obtained credit from Celtic Bank in exchange for automatic debits from Grind Coffee receipts.

    ii.   On February 9, 2021, entering a "Revenue Purchase Agreement" with Gold Funding Group (New York) under false and fraudulent pretenses, whereby Layer Cake sold $58,400 of Grind Coffee's future revenue to

Gold Funding Group in exchange for $40,000 directly deposited into Layer Cake's Capital One account.

iii.   On July 30, 2021, entering a contract with DivvyPay Inc. in Utah under false and fraudulent pretenses, whereby Layer Cake obtained credit from DivvyPay in exchange for automatic debits from Grind Coffee receipts.

iv.   In July 2021, entering a contract with Affirm in California whereby Layer Cake and/or Michael Clark obtained financing to purchase a $12,995 watch at 25.22 percent interest (total bill $18,654.98) from Luxury of Watches, a retailer, in exchange for automatic debits from Grind Coffee receipts.

v.   On January 25, 2022, accessing Grind Coffee's point-of-sale merchant device to accept a single deposit of $27,226.13 in Grind Coffee's Bank of America business checking account and then wiring $25,822.40 (for "services") to SRGG LLC, also known as 7017 Reign, pursuant to Defendants' "side-hustle" with no connection to Grind Coffee.

vi.   On May 4, 2022, accessing Grind Coffee's point-of-sale merchant device to accept a single deposit of $56,955.00 in Grind Coffee's Bank of America business checking account and then wiring $53,000.00 (for "goods") to SRGG LLC, also known as 7017 Reign, pursuant to Defendants' "side-hustle" with no connection to Grind Coffee.

37.   The racketeering activity listed above constitutes a pattern of racketeering activity pursuant to 18 U.S.C. §1961(5).

38.     As direct and proximate result of the Count 2 Defendants' racketeering activities and violations of 18 U.S.C. § 1962(a), Plaintiff has been injured in his business and property in excess of $500,000 in that Plaintiff's property is being used to further Defendants' scheme of fraudulently obtaining third-party financing to pay the Defendants' debts, fund Defendants' lavish lifestyle, funnel funds to Defendants' business associates, and invest in their multiple non-Grind Coffee business ventures including, but not limited to, Layer Cake.

39.     Wherefore, Plaintiff requests that this Court enter judgment against the Count 2 Defendants as follows pursuant to the civil remedy provisions of RICO, including, but not limited to, actual damages, treble damages, attorney's fees, equitable relief, and any further relief that the Court deems just and proper.

**COUNT 3 RICO**
**§ 1962(d)**

40.     The allegations of paragraphs 1 through 39 are incorporated herein by reference.

41.     This count is against Defendant(s) Layer Cake, Michael Clark and Shane Clark (the "Count 3 Defendants").

42.     As set forth above, the Count 3 Defendants agreed and conspired to violate 18 U.S.C. § 1962(a) and (c). Specifically: Defendants conspired to: (1) use or invest income that is derived from a pattern of racketeering activity in an interstate enterprise (§ 1962(a)) and/or (2) conduct and participate in the conduct of the affairs of the enterprise through a pattern of racketeering activity (§ 1962(c)).

43.     The Count 3 Defendants have intentionally conspired and agreed to directly and indirectly use or invest income that is derived from a pattern of racketeering

activity in an interstate enterprise, acquire or maintain interests in the enterprise through a pattern of racketeering activity, and conduct and participate in the conduct of the affairs of the enterprise through a pattern of racketeering activity. The Count 3 Defendants knew that their predicate acts were part of a pattern of racketeering activity and agreed to the commission of those acts to further the schemes described above. That conduct constitutes a conspiracy to violate 18 U.S.C. §1962(a) and (c) in violation of 18 U.S.C. §1962(d).

44.     As direct and proximate result of the Count 3 Defendant(s)' conspiracy, the overt acts taken in furtherance of that conspiracy, and violations of 18 U.S.C. §1962(d), Plaintiff has been injured in excess of $500,000 in his business and property in that Grind Coffee receipts are being used to pay the Defendants' debts, fund Defendants' lavish lifestyle, and funnel funds to Defendants' business associates, all to the detriment of Plaintiff's business and property as a one-third owner of Grind Coffee.

45.     Wherefore, Plaintiff requests that this Court enter judgment against the Count 3 Defendants as follows pursuant to the civil remedy provisions of RICO, including, but not limited to, actual damages, treble damages, attorney's fees, equitable relief, and any further relief that the Court deems just and proper.

PLAINTIFF DEMANDS TRIAL BY JURY.

WHEREFORE, Plaintiff Charles Boyd prays:

a. That process in due form of law according to the practice of this Court may issue against Defendants citing them to appear and answer the foregoing, failing which judgment by default be entered against them each and all in an amount equal to

the actual claim in excess of $500,000, plus treble damages, interest, costs and

reasonable attorneys' fees; and

b.  For such other, further and different relief as the Court may deem just and proper

under the circumstances.

Dated: New York, New York
        March 20, 2023

                            Carlson and Ryan LLP
                            Attorneys for Plaintiff


                                        /s/
                    By:   _____

                            Edward Carlson
                            43 West 43rd St., suite 243
                            New York, NY 10036
                            +1 (917) 714-0189
                            ed@carlsonryanlaw.com